# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) **ORDER GRANTING IN PART** |
| Plaintiff, | ) **DEFENDANT'S MOTION TO** |
| | ) **EXCLUDE EVIDENCE** |
| vs. | ) |
| | ) Case No. 1:11-cr-053 |
| Eric Charles Rambough, | ) |
| | ) |
| Defendant. | ) |

On December 23, 2011, the defendant, Eric Charles Rambough, filed a "Motion to Exclude Evidence RE: Unrelated Internet Communications." See Docket No. 24. The Government filed a response in opposition to the motion on January 3, 2012. See Docket No. 26. For the reasons explained below, Rambough's motion is granted in part.

## I.    BACKGROUND

On May 3, 2011, Rambough was charged with two counts of attempted sexual exploitation of minors in violation of 18 U.S.C. §§2251(a) and (e). The indictment alleges that in or about November 2010, Rambough attempted to use the minors E.J. and T.J. "to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, which such visual depictions were digitally produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer." See Docket No. 1. In its brief in opposition to Rambough's motion, the Government alleges that law enforcement found three videos on Rambough's cellular telephone depicting T.J., Rambough's 14-year-old step-daughter, and E.J., Rambough's 13-year-old step-daughter, in the bathroom in the home shared by Rambough, his wife

Wendy (E.J. and T.J.'s mother), E.J., and T.J.. Two of the videos show T.J. undressing, entering the shower, exiting the shower, and towel drying herself. The third shows E.J. engaging in the same activity. Rambough can also be seen in each of the videos setting up and taking down the telephone from under the bathroom sink. Rambough "told Det. Grueble that [he] did indeed make the videos of his two minor step-daughters, but did so because he was concerned that they were taking nude pictures of themselves and texting them to friends." See Docket No. 26.

On December 23, 2011, Rambough filed a motion to exclude evidence. Attached to the motion are transcripts of "chats" in which Rambough participated using the Yahoo! Messenger instant messaging service. See Docket No. 24-1. Twenty chats are provided that took place between August 4, 2010, and August 20, 2010. In most of the chats, Rambough describes himself as a 19-year-old lesbian or bisexual female. He describes and/or engages in role-playing scenarios involving sexual conduct with adults and minors. Rambough seeks to exclude evidence of the chats, contending that they are not relevant to the charged conduct and that the danger of unfair prejudice substantially outweighs any probative value they may have. The Government contends that evidence of the chats is relevant because it shows that Rambough has a sexual interest in minors.

## II. STANDARD OF REVIEW

Rule 402 of the Federal Rules of Evidence provides, "All relevant evidence is admissible . . . Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 403 provides, "Although relevant, evidence may be excluded if its probative value is

2

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "The trial court has broad discretion in determining the relevancy and admissibility of evidence. Under Rule 403, great deference is given to a district court's balancing of the relative value of a piece of evidence and its prejudicial effect." United States v. Zierke, 618 F.3d 755, 759 (8th Cir. 2010) (quoting United States v. Jimenez, 487 F.3d 1140, 1145 (8th Cir. 2007)).

### III. LEGAL DISCUSSION

Rambough contends that the chats are not relevant to the conduct with which he is charged, and the danger of unfair prejudice substantially outweighs their probative value. The Government contends that the chats are relevant because they show Rambough's sexual interest in minors.

The Eighth Circuit model jury instructions for the offense of sexual exploitation of minors, when applied to the circumstances of count one of the indictment, reads as follows:

> The crime of attempted sexual exploitation of a minor, as charged in Count One of the Indictment, has four elements, which are:
>
> One, at the time alleged, E.J. was under the age of eighteen years;
>
> Two, the defendant knowingly used E.J. to engage in sexually explicit conduct;
>
> Three, the defendant acted with the purpose of producing a visual depiction of such conduct; and
>
> Four, the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means, including by computer or cellular phone.
>
> A person is "used" if they are photographed or videotaped.

3

"Sexually explicit conduct" means lascivious exhibition of the genitals or pubic area of any person.

The term "visual depiction" includes any video, whether made or produced by electronic, mechanical, or other means. It includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

An item is "produced" if it is produced, directed, manufactured, issued, published, advertised, created, made, or is in any other way brought into being by the involvement of an individual participating in the recording of child pornography.

The Government is not required to prove that the defendant knew that E.J. was under the age of eighteen.

See Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit (2011 ed.), 6.18.2251(a). The Eighth Circuit also provides a model instruction on what constitutes a "lascivious exhibition of the genitals or pubic area":

Whether a visual depiction of the genitals or pubic area constitutes a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as (1) whether the focal point of the pictures is on the minor's genitals or pubic area; (2) whether the setting of the picture is sexually suggestive, that is, in a place or pose generally associated with sexual activity; (3) whether the minor is depicted in an unnatural pose or in inappropriate attire, considering the age of the minor; (4) whether the minor is fully or partially clothed, or nude; (5) whether the picture suggests sexual coyness or a willingness to engage in sexual activity; (6) whether the picture is intended or designed to elicit a sexual response in the viewer; (7) whether the picture portrays the minor as a sexual object; and (8) the caption(s) on the picture(s).

It is for you to decide the weight or lack of weight to be given to any of these factors. A picture need not involve all of these factors to constitute a lascivious exhibition of the genitals or pubic area.

Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit (2011 ed.), 6.18.2252A.

Some of the internet chats that Rambough seeks to exclude are arguably relevant, as they may aid the jury in determining whether the Government has proven the second element of the

offense, which is that "the defendant knowingly used [E.J. or T.J.] to engage in sexually explicit conduct." To determine whether the videos in question depict sexually explicit conduct, the jury must determine whether the videos depict a "lascivious exhibition of the genitals or pubic area of any person." Evidence that shows that Rambough had a sexual interest in children may arguably aid the jury in making this determination. However, not all of the internet chats are relevant, as some of them describe sexual activity between consenting adults.[1] The chats that depict consensual sexual activity as between adults have little, if any, probative value. More important, if these chats were admitted, the danger of unfair prejudice would substantially outweigh their minimal probative value. See Fed. R. Evid. 403.

In the exercise of its broad discretion, and after giving careful consideration to all of the Rule 403 factors, the Court finds that the internet chats on pages 31-33, 36-40, 52-53, and 65-68 of Docket No. 24-1 are relevant. However, these chats, which reference Rambough's sexual interest in minor children, will be excluded from trial at this stage based on Rule 403 considerations. Such evidence will not be admissible during the Government's case-in-chief. The Court further finds that the remainder of the internet chats in Docket No. 24-1 arguably lack any relevance and will be excluded at trial.[2]

---

[1] It is impossible for the Court to determine the age of the individuals whom Rambough was interacting with on the internet. Clearly, people who communicate on the internet may adopt a persona, as evidenced by Rambough's description of himself as a 19-year-old lesbian or bisexual female. For the purposes of this order, the Court will assume Rambough was chatting online with adults, not minors.

[2] The Government contends that the exclusion of the internet chat logs would substantially harm its ability to successfully present this matter to a jury. The Court would note that the Government has evidence that the Defendant twice admitted to creating the videos of the minors; the videos depict the Defendant setting up and retrieving the camera from the bathroom in the family residence; and the Defendant stated to law enforcement officers that his intent in creating the videos was to somehow protect or safeguard his minor step-daughters. Ultimately, a jury, using its collective life experiences and common sense, will have to decide whether those self-serving "good intentions" have any legitimacy in the real world.

The Court would note that the relevant internet chats as identified above, which specifically reference a sexual interest in children on the part of the defendant, <u>may be admissible</u> at trial if later offered by the Government during the cross-examination of a witness <u>or</u> on rebuttal–but that will be dependent upon the evidence presented at trial. In the event the Government seeks to introduce any internet chat evidence during the cross-examination of a witness <u>or</u> during the presentation of rebuttal evidence, the Court will need to first address its admissibility outside the presence of the jury. Thus, no internet chat evidence shall be offered ,or directly or indirectly referred to at trial, until the Court has first had an opportunity to address the matter outside the presence of the jury and rule on the admissibility of such evidence.

## IV. <u>CONCLUSION</u>

The Court has carefully considered the parties' briefs, relevant case law, and the entire record. The Defendant's "Motion to Exclude Evidence RE: Unrelated Internet Communications" (Docket No. 24) is **GRANTED IN PART** as described above.

**IT IS SO ORDERED**.

Dated this 6th day of January, 2012.

/s/ *Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court